Cory G. Lee, Esq. (SBN 216921)
**THE DOWNEY LAW FIRM, LLC (OF COUNSEL)**
9595 Wilshire Blvd. Suite 900
Beverly Hills, CA 90212
Telephone:    (213) 291-3333
Facsimile:      (610) 813-4579
downeyjusticelee@gmail.com

Attorneys for Plaintiffs and the proposed Class

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALVAREZ,  ABRAHAM IBARRA, ARTURO VERDUZCO and on behalf of all other similarly situated individuals,<br><br>                 Plaintiffs,<br><br>        vs.<br><br>CONAGRA BRANDS, INC., a Delaware Corporation; and CONAGRA FOODS PACKAGED FOODS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>                 Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FAILURE TO PAY MINIMUM WAGES;**<br>2. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED;**<br>3. **FAILURE TO PAY OVERTIME WAGES;**<br>4. **FAILURE TO PROVIDE LEGALLY-COMPLIANT MEAL AND REST PERIODS**<br>5. **UNPAID WAGES AND WAITING TIME PENALTIES;**<br>6. **FAILURE TO PROPERLY ITEMIZED PAYSTUBS;**<br>7. **VIOLATION OF CALIFORNIA BUSINESSS AND PROFESSIONS CODE;**<br>8. **CONVERSION; and**<br>9. **CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA").** |

- 1 –

Plaintiffs, on behalf of themselves and all other similarly situated individuals, upon information and belief, allege as follows:

**JURISDICTION**

1.      Venue as to Defendants is proper in this Court.  Defendants conduct business, employ Class Members, and have locations in California, including within the jurisdictional boundaries of this Court.  On information and belief, Defendants are residents of the County of Los Angeles and subject to personal jurisdiction in this District.

2.      This Court has subject matter jurisdiction under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d).  The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant.  Plaintiffs are citizens of the state of California.  Defendant CONAGRA BRANDS, INC is a citizen of the states of Delaware, where it is incorporated, and Illinois, where it maintains its offices and its officers direct, control and coordinate its activities.  Defendant CONAGRA FOODS PACKAGED FOODS, LLC sole member is a citizen of the states of Delaware and Illinois.

3.      This Court is also vested with original jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b) and because Plaintiffs raise a federal question pursuant to 28 U.S.C. § 1331.

4.      This Court is empowered with supplemental jurisdiction over Plaintiffs' pendant state law claims.  28 U.S.C. § 1367.

**INTRODUCTION**

5.      This is a class claim against CONAGRA BRANDS, INC and CONAGRA FOODS PACKAGED FOODS, LLC, and Does 1-50 (collectively "Conagra" or "Defendants") to challenge their policy and practice of requiring their non-exempt employees to work substantial amounts of time without pay and failing to provide their non-exempt employees with the meal and rest periods to which they are entitled by law at their plants in California.

6. Plaintiffs and Class Members are non-exempt, hourly employees. Under Defendants' wage compensation system, Defendants do not pay Plaintiffs and Class Members for all required pre- and post-shift work activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing required sanitary gear ("SG"), walking to production lines, waiting in line to sanitize, and waiting for SG and/or supplies.

7. The time that Defendants require their employees to work without compensation is substantial, and deprives Plaintiffs and Class Members of many hours' worth of wages (both straight-time and overtime) per week. Because Plaintiffs and Class Members are required to perform numerous work tasks both at the beginning and end of their meal periods, they are not afforded 30 minutes of off-duty time in which to eat their meals. Similarly, if Plaintiffs and Class Members work in excess of ten hours, they are not afforded a second off-duty 30-minute meal period as required by California law. Because Plaintiffs and Class Members are required to perform numerous work tasks both at the beginning and end of their rest periods, they are not afforded ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work as required by California law.

8. As a result of these violations, Defendants are also liable for various other penalties under the Labor Code, including penalties under Labor Code Private Attorneys General Act of 2004, Labor Code § 2698, et seq., and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq.*

9. Plaintiffs seek full compensation on behalf of themselves and all others similarly situated for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiffs further seeks penalties, on behalf of themselves and the proposed California-law Class, for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below. Plaintiffs also seek declaratory and injunctive relief, including restitution, and punitive damages. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

- 3 –

1    10.    Plaintiffs worked at various plants owned, operated and controlled by Defendants

2    throughout California.

3                                              **PARTIES**

4    11.    Plaintiffs Jesse Alvarez, Abraham Ibarra and Arturo Verduzco, had been employed

5    by Defendants at their Oakdale, Stanislaus County, California facilities within the statutory period

6    in this case. All matters complained of herein took place in Stanislaus County, California and Los

7    Angeles County, California.

8    12.    Defendant, CONAGRA BRANDS, INC., is a Delaware corporation, and at all

9    times relevant to this complaint has been, upon information and belief, a food processor in West

10   Lemoore, California, with facilities in Los Angeles, Kings, Tulare and Merced counties.

11   13.    Defendant, CONAGRA FOODS PACKAGED FOODS, LLC, is a Delaware

12   limited liability company, and at all times relevant to this complaint has been, upon information

13   and belief, a food processor in Los Angeles, West Lemoore, Tulare and Merced counties.

14   14.    The true names and capacities, whether individual, corporate, associate, or

15   otherwise of Does 1-50, inclusive, are unknown to Plaintiffs, who therefore sues the Doe

16   Defendants by fictitious names.  Plaintiffs are informed, believe, and thereon allege that each of

17   these fictitiously-named Defendants is responsible in some manner for the occurrences and

18   Plaintiffs' and the Class' damages as herein alleged.  Plaintiffs will amend this Complaint to show

19   their true names and capacities when they have been ascertained.

20   15.    At all relevant times, upon information and belief, Defendants have done business

21   under the laws of California, have had places of business in California, including in this judicial

22   district, and have employed Class Members in this judicial district.   At all relevant times,

23   Defendants have exercised control over the wages, hours and/or working conditions of Plaintiffs

24   and Class Members, suffered or permitted Plaintiffs and Class Members to work, and/or engaged

25   Plaintiffs and Class Members, thereby creating a common law employment relationship.

26   Defendants are "persons" as defined in California Labor Code §18 and California Business and

27   Professions Code § 17201.  Defendants are also "employers" as that term is used in the California

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE, PAGA and FLSA
Alvarez, *et al.* v. Conagra Brands, Inc., *et al.*

1  Labor Code and the IWC's Orders regulating wages, hours and working conditions.

2  **FACTUAL ALLEGATIONS**

3      16.    The policies and practices of Defendants, including failure to pay for all hours

4  worked, the failure to pay overtime wages, failure to afford legally-compliant meal and rest

5  periods, and failure to pay wages upon termination of employment, at all relevant times have been

6  substantially similar for Plaintiffs and Class Members.  These illegal pay and break policies apply

7  to all hourly workers regardless of whether or not they were required to don and doff SG as part of

8  their job duties.

9      17.    As to those workers who don and doff SG; pursuant to state and federal regulations

10  and Defendants' own internal policies and procedures, Plaintiffs and Class Members are required

11  to wear SG to prevent cross-contamination of the food product manufactured by Defendants.

12  Mandatory SG includes, *inter alia*, plastic aprons, smocks, plastic arm sleeves, plastic and cloth

13  gloves, bump caps, hairnets, earplugs, and other protective equipment and coverings.  The SG is

14  designed to protect the consuming public from illness due to human-borne cross-contaminants that

15  might be passed-on to food product were the required SG not worn.

16      18.    At the beginning of each work day, prior to the start of paid time, Plaintiffs and

17  Class Members spend substantial amounts of time, for which they are not compensated, donning

18  their required SG, waiting in line to wash hands, and performing other work activities.  As a result

19  of the various work activities which must be performed prior to the start of paid time, employees

20  regularly are forced to arrive at the plant well before the start of their shifts and are not credited for

21  all time spent working on behalf of Defendants.

22      19.    Plaintiffs and Class Members were not afforded ten-minute rest periods free of

23  work activities because of the amount of mandatory work activities compelled by Defendants'

24  policies, including lengthy walks to rest areas and because Plaintiffs and her coworkers were

25  required to continue working in production activities if they could not be relieved of duties,

26  despite having punched out.  Additionally, by policy, Defendants continued to exercise control

27  over Plaintiffs and Class Members during rest periods by prescribing where rest periods may be

28

taken and what Plaintiffs and Class Members must wear during rest periods.  Therefore, Plaintiffs and Class Members were denied the opportunity to take legally-compliant ten-minute rest periods.

20.     Defendants' policy routinely failed to afford Plaintiffs and Class Members the opportunity to take legally compliant meal breaks by not offering 30 minute meal breaks within 5 hours of the start of work activities. Similarly, all hourly workers were required to leave dining areas several minutes prior to the conclusion of their 30-minute meal period in order to allow them sufficient time to punch-in.  Defendants continued to exercise control over Plaintiffs and Class Members during meal periods.  Therefore, Plaintiffs and Class Members were denied the opportunity to take legally-compliant 30-minute meal periods.

21.     Defendants' meal policy did not afford Plaintiffs and Class Members with an opportunity to take a second, off-duty 30-minute meal period on shifts of ten hours or longer.

22.     At the end of the day – and after the conclusion of paid time by Defendants – Plaintiffs and Class Members also were required to doff and dispose of their SG without pay

23.     Defendants' unlawful conduct has been widespread, repeated, and willful throughout their California facilities.  Defendants knew, or should have known, that their policies and practices have been unlawful and unfair.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this case as a class action on behalf of themselves and all others similarly situated pursuant to Fed.R.Civ. P. 23. The Rule 23 Class that Plaintiffs seeks to represent is defined as follows:

> All individuals who are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' facilities in California, at any time within four years prior to the filing of the original complaint until resolution of this action.

25.     The class that Plaintiff seeks to represent for violations of the FLSA is defined as follows:

All individuals who are currently employed, or have formerly been employed, as nonexempt hourly employees at Defendants' food processing facilities in California, at any time within three years prior to the filing of the original complaint until resolution of this action.

26.    Class Members are so numerous that joinder is impracticable.  Although the exact number of Class Members is unknown to Plaintiffs, Plaintiffs avers, upon information and belief, that the Class includes hundreds, if not thousands, of employees.

27.    This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

28.    Questions of law and fact common to the Class include, but are not limited to, the following:

    i.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the wages they are owed in violation of the California Labor Code;

    ii.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the overtime wages they are owed in violation of the California Labor Code;

    iii.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid time, failed to pay Class Members all of the overtime wages they are owed in violation of Business and Professions Code § 17200 *et seq.*;

    iv.    Whether Defendants, through their policy of requiring employees to, *inter alia*, don SG and/or sanitize during meal periods, resulted in a failure to afford Plaintiffs and Class Members with duty-free 30-minute meal periods in violation

1   of the California Labor Code;

2   v.     Whether Defendants, through their policy of requiring their non-exempt hourly

3          employees to perform substantial work prior to the start of paid work time

4          resulted in Plaintiffs and Class Members not being afforded their first meal

5          period within 5 hours of the start of work activities and their second meal period

6          within 10 hours of the start of work activities;

7   vi.    Whether Defendants' pay, work and meal- and rest-period policies were in

8          violation of Business and Professions Code § 17200 *et seq.*;

9   vii.   Whether Defendants, through their policy of not affording Plaintiffs and Class

10         Members a second 30-minute meal period on shifts of ten hours, or longer,

11         violated the California Labor Code;

12  viii.  Whether Defendants, through their policy of requiring their non-exempt hourly

13         employees to work in excess of ten hours per day without affording a second 30-

14         minute meal period, failed to afford Class Members with the meal periods to

15         which they are entitled in violation of Business and Professions Code §17200 *et*

16         *seq.*;

17  ix.    Whether Defendants, through their policy of requiring their non-exempt hourly

18         employees to work in excess of five hours per day without affording a duty-free

19         30-minute meal period, failed to afford Class Members with the meal periods to

20         which they are entitled in violation of Business and Professions Code §17200 *et*

21         *seq.*;

22  x.     Whether Defendants, through their policy of regularly coercing and pressuring

23         their non-exempt hourly employees to perform work activities during their rest

24         periods, failed to afford Plaintiffs and Class Members the opportunity to take

25         duty-free ten-minute rest periods is in violation of the California Labor Code;

26  xi.    Whether Defendants, through their policy of requiring their non-exempt hourly

27         employees to perform substantial work during rest periods, violated Business

28

- 8 –

and Professions Code § 17200 *et seq.*;

xii.    Whether Defendants' systemic failure to afford Plaintiffs and Class Members off-duty meal periods and rest periods was an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

xiii.    Whether Defendants' policy and practice of failing to pay Class Members all wages due upon the end of their employment violated the California Labor Code;

xiv.    Whether Defendants' policy of failing to record all hours worked, and failing to record and compensate non-compliant meal and rest periods, resulted in Plaintiffs and Class Members being paid with non-complaint wage statements in violation of the California Labor Code;

xv.    Whether Defendants' policy and practice of failing to pay Class Members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*

xvi.    Whether Defendants by requiring their employees to perform substantial amounts of uncompensated work fails to pay Plaintiffs and Class members for all of the overtime wages they are owed in violation of the FLSA.

xvii.    Whether Defendants through their policy of requiring its employees to perform substantial amounts of work during their thirty minute meal breaks fails to provide Plaintiffs and class members bona fide meal breaks in violation of the FLSA.

29.    Typicality:  Plaintiffs' claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

- 9 –

30.    Adequacy of Representation:  Plaintiffs is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiffs and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions.  Plaintiffs will fairly and adequately represent and protect the interests of Class Members.

31.    Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**(Against All Defendants)**

32.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

33.    During the applicable statute of limitations period through present, Defendants, and each of them, employed Plaintiffs and Class Members as nonexempt hourly employees.

34.    During the applicable statute of limitations period through present, Defendants, and each of them, paid Plaintiffs and Class Members less than the applicable minimum wage for all hours worked.

35.    Pursuant to Labor Code §§ 510, 558, 1194 and 1198, Wage Order No. 8-2001 and/or other applicable Wage Orders, and 8 CCR §11080, Defendants, and each of them, were obligated to pay Plaintiffs and Class Members at least the minimum wage ($8.00 per hour in 2012, & 2013; $9.00 per hour in 2014 & 2015; $10 per hour beginning January 1, 2016) for all hours worked during the applicable statute of limitations period through present.

- 10 –

36.     Pursuant to Labor Code § 1194, Plaintiffs and Class Members are entitled to recover unpaid minimum ages, subject to proof at trial, plus interest at the legal rate (Civil Code §§ 3287 and 3289) and attorneys' fees and costs.

37.     Pursuant to Labor Code §1194.2, Plaintiffs and Class Members are entitled to recover liquidated damages in the amount of unpaid minimum wages proved at trial plus interest thereon.

38.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

39.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Compensate for All Hours Worked
### (Against All Defendants)

40.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

41.     California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

42.     Plaintiffs and the Class were required by Defendants to work without compensation for work they performed.  Thus, Plaintiffs and Class Members were forced to perform work for the benefit of Defendants without compensation.

- 11 –

43.    In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiffs and the Class with compensation for all time worked as required by California law.   Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the Class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the Class.  Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

44.    As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.  Pursuant to Labor Code § 218.5 and 218.6, Plaintiffs and Class Members are entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

45.    Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

46.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (Against All Defendants)

47.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

- 12 –

48.   California Labor Code §510(a) provides as follows:

*Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.*

49.   The IWC Wage Order 8-2001(3)(A)(1), 8 Cal. Code Regs. §11080, states:

*The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible under [certain] conditions....*

50.   California Labor Code §1194(a) provides as follows:

*Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest*

- 13 –

*thereon, reasonable attorney's fees, and costs of suit.*

51.     California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

52.     Defendants' across-the-board policy of requiring Plaintiffs and the Class to perform substantial uncompensated work has been unlawful. As a result of this unlawful policy, Plaintiffs and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

53.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

54.     Defendants are liable to Plaintiffs and the Class alleged herein for unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiffs is entitled to an award of attorneys' fees and costs as set forth below.

55.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Legally-Compliant Meal and Rest Periods**
**(Against All Defendants)**

56.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57.     California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide meal and rest periods to their nonexempt, hourly employees. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period

- 14 –

1    of not less than 30 minutes.

2        58.    Under §226.7(b) and the applicable wage orders, an employer who fails to provide

3    a required meal period must, as compensation, pay the employee one hour of pay at the

4    employee's regular rate of compensation for each workday that the meal period was not provided.

5    Similarly, an employer must pay an employee denied a required rest period one hour of pay at the

6    employee's regular rate of compensation for each workday that the rest period was not provided.

7        59.    Despite these requirements, Defendants have knowingly and willfully refused to

8    perform their obligations to afford Plaintiffs and the Class an opportunity to take an uninterrupted

9    30-minute meal period within 5 hours of having commenced work activities. Additionally,

10    Defendants continued to exercise control over Plaintiffs and Class Members during meal and/or

11    rest periods. Defendants have also failed to pay Plaintiffs and the Class one hour of pay for each

12    off-duty meal and/or rest period that they were not afforded. Defendants' conduct described herein

13    violated California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore,

14    pursuant to Labor Code §226.7(b), Plaintiffs and the Class are entitled to compensation for the

15    failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

16        60.    Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or

17    persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code

18    §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080,

19    among other provisions regulating hours and days of work, and are individually subject to civil

20    penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee

21    for each pay period for which the employee was underpaid in addition to an amount sufficient to

22    recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

23    underpaid employee for each pay period for which the employee was underpaid in addition to an

24    amount sufficient to recover underpaid wages.

25        61.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

26

27

28

- 15 –

**FIFTH CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
**(Against All Defendants)**

62.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

63.    Labor Code §201 provides:

*If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.*

64.    Labor Code §202 provides:

*If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.*

65.    Labor Code §203 provides, in relevant part:

*If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.*

66.    Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them their unpaid wages.  Defendants have willfully refused, and continue to refuse, to pay Class Members all the wages that were due and owing them upon the end of their employment.  As a result of Defendants' actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

67.    Defendants' willful failure to pay Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202.  As a result, Defendants are liable to Plaintiffs and Class Members for all penalties owing pursuant to Labor Code §§201-203.

68.    Additionally, §203 provides that an employee's wages will continue as a

- 16 –

penalty up to thirty (30) days from the time the wages were due.  Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

69.    Plaintiffs is entitled to an award of attorneys' fees and costs as set forth below.

70.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
### California Wage Statement Class for Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §226
### (Against All Defendants)

71.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

72.    At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that upon paying and employee his or her wages, the employer must:

> *furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.*

73.    Plaintiffs believe, and therefore allege, that Defendants failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation):  all the hours that Plaintiffs (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked; due and owing meal- and rest-period premiums; the inclusive dates of the pay period for which the employee is paid; the name of the employee; and the social security number of the employee.

74.    Plaintiffs allege that Defendants' failure to furnish them and others similarly situated with proper itemized wage statements was done knowingly and intentionally, and that

- 17 –

they and others similarly-situated suffered injury thereby.  Thus, under California Labor Code section 226(e), Plaintiffs (and others similarly-situated) is "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

75.     Plaintiffs are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

### SEVENTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§17200, *et seq*.**
**(Against All Defendants)**

76.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

77.     California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

78.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

79.     Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

80.     Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a.    violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

b.    violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

c.    violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods; and

d.    violations of Labor Code §§201-203.

81.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq.*

82.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiffs and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

83.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

84.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

85.    Business and Professions Code § 17202 provides:  "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiffs and Class Members are entitled to enforce all

- 19 –

applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

86.     Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated.  Plaintiffs and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

87.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

88.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Conversion**
**(Against All Defendants)**

89.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

90.     As alleged above, Defendants wrongfully withheld earned wages and other monies from Plaintiffs and Class Members.  In particular, Defendants failed to pay Plaintiffs and Class Members all wages they earned pursuant to the applicable employment laws and regulations.

91.     At all relevant times, Defendants had and continue to have a legal obligation imposed by statute to pay Plaintiffs and Class Members all earned wages and other compensation due to them.  Such wages and compensation vested to Plaintiffs and Class Members at the time the labor and services were provided to Defendants, and, accordingly, such wages and compensation are the property of Plaintiffs and Class Members, not Defendants.

92.     Defendants knowingly and intentionally failed to pay Plaintiffs and Class Members all wages earned.  Instead, Defendants converted Plaintiffs' and Class Members' property and converted it to Defendants' own use and benefit.  The amount of property (wages belonging to

- 20 –

Plaintiffs and the Class) wrongfully converted is capable of being ascertained using Defendants' own records and other data.

93.      Plaintiffs and Class Members have been injured by Defendants' intentional conversion of such wages and compensation.  Plaintiffs and the Class are entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion.

94.      Defendants' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by Defendants, and each of them, from Plaintiffs and the Class. Plaintiffs and the Class have been injured by Defendants' oppressive, malicious, intentional and fraudulent actions, entitling Plaintiffs and the Class to punitive and exemplary damages.

NINTH CAUSE OF ACTION

Enforcement of the Labor Code Private Attorneys General Act of 2004

Labor Code § 2698, et seq. ("PAGA")

(Plaintiff Arturo Verduzco Against All Defendants)

95.      Plaintiff ARTURO VERDUZCO re-alleges and incorporates the foregoing paragraphs, except paragraphs 21 through 27, as though fully set forth herein.

96.      Defendants' policies and practices have resulted in Defendants' failure to pay minimum wages, failure to compensate for all hours worked, failure to pay overtime wages, failure to provide meal and rest periods, and failing to properly itemize pay stubs, all of which subjects Defendants to civil penalties as described in various sections of the Labor Code, including sections 210, 225.5, 226.3, 558, 1197.1, and 2699.

97.      Plaintiff Verduzco has given written notice by online filing with the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories that support the alleged violation and paid the $75 fee.  As of June 25, 2017, Plaintiff will have exhausted his administrative remedies as specified in Labor Code section 2699.3 as to Defendants' violations of the Labor Code, as described above.  As of June 25, 2017, Plaintiff  will have the

- 21 –

1  right to proceed with all remedies provided by law, including any and all civil penalties which are

2  collectible by Plaintiff  under the provisions of Labor Code sections 2698 through 2699.5, the

3  Labor Code Private Attorneys General Act of 2004 ("PAGA").

4    98.    As a result of the violations alleged herein, Plaintiff, as an aggrieved employee

5  employed by Defendant within the statute of limitations period, on behalf of himself and other

6  current and former hourly non-exempt employees of Defendants, seeks all civil penalties available

7  pursuant to Labor Code section 2699.  Therefore, pursuant to Labor Code section 2699, Plaintiff,

8  as an aggrieved employee on behalf of himself and other current and former hourly non-exempt

9  employees of Defendants, is entitled to collect all civil penalties owed, attorneys' fees, expenses,

10  and costs of suit.

11                          **TENTH CAUSE OF ACTION**

12                    **Violation of the Fair Labor Standards Act**

13                          **29 U.S.C. § 201, et seq.**

14    99.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set

15  forth herein.

16    100.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendants

17  were and are obligated to pay employees at a rate equal to one and one-half times their normal

18  hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

19    101.    Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b),

20  Defendants, because they failed to pay employees the required amount of overtime at the statutory

21  rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated

22  damages in an amount equal to the amount of unpaid overtime wages.  Plaintiffs assert that the

23  Defendants' refusal to pay for time worked was willful.

24    102.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled

25  to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an

26  action for unpaid overtime wages.

27

28

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1.     That this Court permits this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other similarly situated individuals at Defendants' California facilities;

2.     Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

3.     For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

4.     For a declaratory judgment that Defendants have violated Business and Professions Code §§17200 *et seq.* as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

5.     For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

6.     For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

7.     For an order awarding Plaintiffs and Class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

8.     For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein, the Labor Code Private Attorneys General Act of 2004, and the Unfair Business Practices Act, with interest thereon.

9.     For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

10.     For all costs of suit; and

11.     For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial on all claims and issues for which Plaintiffs is entitled to a jury.

Respectfully submitted,

*Cory Lee*

Cory Lee, Esq.
Attorney for Plaintiffs and proposed Class

- 24 –